UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SARAH A. BOARDMAN,

    Plaintiff,

v.

              Case No. 25-cv-1281-pp

PROFESSIONAL COLLECTORS CORP.,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 7) AND GIVING PLAINTIFF OPPORTUNITY TO AMEND COMPLAINT**

---

  On August 1, 2025, the plaintiff—representing herself—filed this case in Milwaukee County Circuit Court against the defendant, Professional Collectors Corp. Dkt. No. 1-1 at 4. On August 25, 2025, the defendant removed the case to this federal court. Dkt. No. 1.

  The complaint alleges that the defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, by attempting to collect a business debt as a personal debt. Dkt. No. 1-1 at 4. On August 29, 2025, the defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. No. 7. The court will grant the defendant's motion, dismiss the plaintiff's FDCPA claim with prejudice, dismiss the plaintiff's FCRA claim without prejudice and give the plaintiff an opportunity to amend her complaint.

1

## I. Background

The plaintiff alleges that the defendant has improperly attempted to collect business debt from her, in violation of the FDCPA and the FCRA. Dkt. No. 1-1 at 6. The complaint explains that the plaintiff formerly held a commercial lease in Milwaukee through her business, SB Design and Showroom, LLC. Id. at 5. It explains that she "was not a personal guarantor on the lease and did not assume individual financial liability." Id. The complaint alleges that in October of 2024, the defendant began to send the plaintiff collection letters on the business lease, falsely alleging that she was personally responsible. Id. It alleges that "[b]etween October 21, 2024 and April 1, 2025, Defendant sent at least twelve (12) separate collection letters to Plaintiff's home address. Each letter identified Plaintiff personally as the debtor, mischaracterizing the obligation as a personal debt rather than a commercial lease held by SB Design and Showroom, LLC." Id.

The complaint alleges that none of the collection letters contained a validation of the debt. Id. It asserts that as of July 23, 2025, there were eleven separate updates on the plaintiff's TransUnion credit report "under an account attributed to Defendant" and that these updates incorrectly identified the debt as personal. Id. The complaint alleges that the "Defendant received the dispute letter but continued collection activity;" it does not explain when the dispute letter was sent but a "Formal Dispute of Debt" letter dated June 13, 2025 is attached to the complaint. Id. at 9. The complaint asserts that the defendant "continued collection activity" despite receipt of the dispute letter. Id. It alleges

2

that the plaintiff sent a "second" dispute letter on July 12, 2025 "via certified receipt regarding formal dispute." Id. at 6. That letter also is attached to the complaint. Id. at 10-11. The plaintiff also attached to the complaint her TransUnion credit report, id. at 13-25, and the collection letters, id. at 26-37.

The plaintiff alleges that the defendant violated the FDCPA by:

- Failing to validate the debt upon written request (§ 1692g(b));
- Continuing collection activity after a cease notice (§ 1692c(c));
- Misrepresenting the nature of the debt as personal (§ 1692e(8));
- Engaging in unfair collection practices (§ 1692f)."

Id. at 6. She alleges that each collection letter and credit update constitutes a separate violation and that she is entitled to $1,000 in damages per violation. Id. at 6.

The plaintiff alleges that the defendant violated §§1681s-2(b) of the FCRA by "furnish[ing] inaccurate credit data to TransUnion after being notified of the dispute and fail[ing] to conduct a reasonable investigation." Id.

In removing the case to this federal court, the defendant asserted federal question jurisdiction. Dkt. No. 1 at 1.

## II. Motion to Dismiss (Dkt. No. 7)

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion *ex rel.* Runnion v. Girl Scouts

3

Case 2:25-cv-01281-PP   Filed 02/17/26   Page 3 of 12   Document 13

of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendants is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

  B. The Parties' Arguments

    1. *The Defendant's Brief (Dkt. No. 8)*

The defendant argues that the plaintiff pled herself out of her FDCPA claim and that she fails to state a FCRA claim.

      a. The FDCPA Claim

The defendant argues that the plaintiff has pled herself out of her FDCPA claim because the FDCPA applies only to attempts to collect personal debt, and the plaintiff has alleged that the debt at issue is a business debt. Dkt. No. 8 at 5. The defendant argues that the FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." Id. (quoting 15 U.S.C. §1692a(5)) (emphasis in the original). The defendant argues

4

that "[b]usiness debt does not fall within the categories of personal, family, or household purposes." Id. (citing Shaw v. Verizon Wireless, Case No. 23-cv-350, 2023 WL 7323420, at *3 (W.D. Wis. Nov. 7, 2023)). According to the defendant, "[s]imply put, Plaintiff has admitted that the debt at issue was not for personal, family or household purposes by the allegations in the Complaint. She has pleaded her way out of an FDCPA claim." Id.

      b.     The FCRA Claim

The defendant alleges that the plaintiff failed to allege that she gave notice to the credit reporting agency, as required to prove her claim. Id. at 6-7. The defendant argues that for the plaintiff to sustain her FCRA claim that the defendant furnished inaccurate information and failed to conduct a reasonable investigation, she "must prove that (1) she gave notice to the credit reporting agency that she disputed the information provided by Defendant, (2) Defendant received the dispute, (3) Defendant willfully failed to conduct a reasonable investigation of the dispute, and (4) she suffered damages caused by Defendant's inaccurate reporting." Id. at 7 (citing Ruffin-Thompkins v. Experian Info. Sols., Inc., 422 F.3d 603, 608 (7th Cir. 2005) (quoting 15 U.S.C. §1681i(a)(1)(A))). The defendant admits that when a credit reporting agency notifies a debt collector (a "furnisher" under the statute) of a dispute, the furnisher "must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results

5

to all consumer reporting agencies to which it originally provided the erroneous information." Id. at 6 (citing Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005); §1681s-2(b)). But it argues that that duty is triggered only when the furnisher receives notice of a dispute from a credit reporting agency. Id. at 6-7 (citing Johnson v. Carrington Mortg. Servs., 638 F. App'x 523, 525 (7th Cir. 2016); Westra, 409 F.3d at 827; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 925 (N.D. Ill. 2000)).

The defendant argues that the plaintiff "does not allege she gave notice to the credit reporting agency that she disputed the information provided by Defendant. She does not allege Defendant received the dispute. Plaintiff does not allege the manner in which she disputed the debt with a credit reporting agency or that the credit reporting agency notified Defendant of the dispute." Id. at 7-8. The defendant contends that without those allegations, the plaintiff's FCRA claim must fail. Id. at 8.

> 2. *The Plaintiff's Response Brief (Dkt. No. 10)*

Regarding her FDCPA claim, the plaintiff asserts,

> FDCPA claim is well pled.
> [The defendant] sought to collect a debt from Plaintiff in her personal capacity and used consumer credit reporting in connection with that collection. Its letters were addressed to [the plaintiff] at her home and stated "you owe," with no LLC identified. Its tradeline appears in Plaintiff's consumer file and is coded Responsibility Individual Account. See Exs. 1, 2, and 7. These facts plausibly allege a debt for purposes of 15 U.S.C. § 1692a(5) and plausibly allege violations of 15 U.S.C. § 1692e(2)(A) and § 1692e(8). At the Rule 12(b)(6) stage the Court accepts these allegations as true and reasonable inferences favor the Plaintiff.
> Dismissal is improper.

Dkt. No. 10 at 3-4.

> For her FCRA claim, the plaintiff argues,
>
>> FCRA claim is well pled under 15 U.S.C. § 1681s-2(b).
>> Once a consumer reporting agency processes a consumer dispute about a furnisher's tradeline, the furnisher must investigate, review all relevant information, and correct or delete any inaccuracy under 15 U.S.C. § 1681s-2(b)(1). Plaintiff's documents show three things. First [the defendant] placed a tradeline in her consumer file as an individual account. Second, Plaintiff submitted a TransUnion dispute on July 23, 2025. Third, the tradeline bears the remark that the account information is disputed by the consumer under the FCRA. See Exs. 6A, 6B, and 7. Plaintiff alleges [the defendant] did not meet its § 1681s-2(b) duties. The precise transmission details between TransUnion and [the defendant] are in their records and will be obtained in discovery if needed.

Id. at 3.

The plaintiff attached screenshots of a computer screen showing various pages of her TransUnion account. Dkt. No. 10-1 at 8-9, 11. One screenshot shows a page entitled "Dispute & Request Summary," which reflects that the plaintiff did not have any active requests for "disputes submitted online or other updates to [her] credit report." Id. at 9. But an entry under the heading "Previous Disputes & Requests" appears to reflect that the plaintiff submitted a dispute or request on July 23, 2025. Id. at 9. The plaintiff has redacted further information under this heading. Id.

### 3. *The Defendant's Reply Brief (Dkt. No. 11)*

The defendant reiterates its FDCPA argument, without adding new assertions. Dkt. No. 11 at 2. Regarding the FCRA claim, without addressing their impact on the plaintiff's claim, the defendant argues that the court cannot consider the plaintiff's exhibits—which they characterize as materials outside of the pleadings—unless it converts the motion to dismiss into a motion for

7

summary judgment. Id. (citing Fed. R. Civ. P. 12(d)). The defendant argues that it is a "basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Id. at 3 (quoting Agnew v. Nat'l Collegiate Athletic Ass'n, 683 F.3d 328, 348 (7th Cir. 2012)).

        4.    *The Plaintiff's Sur-Reply Brief (Dkt. No. 12)*

Without first asking the court's permission, the plaintiff filed a sur-reply brief. Dkt. No. 12. The plaintiff argues that by treating the debt as a personal debt, the defendant "placed its actions squarely within the scope of" the FDCPA and FCRA. Dkt. No. 12 at 1. She asserts that the "Defendant cannot now disclaim the consequences of its decisions to pursue me as an individual. The harm arises from Defendant's choice to treat this as my personal debt. That choice is what triggers the protections of the statutes, and that choice is what caused me injury." Id.

        C.    Analysis

Before addressing the parties' arguments, the court advises the parties that it will not consider the plaintiff's unauthorized sur-reply brief. This court's Civil Local Rules 7(a)-(c) (E.D. Wis.) authorize an initial motion from the moving party, a response from the non-moving party and a reply from the moving party. That rule does not contemplate or authorize sur-reply briefs. Civil L.R. 7(i) states that any paper not authorized by either the Federal Rules of Civil Procedure or the court's local rules must "be filed as an attachment to a motion requesting leave to file it." The plaintiff did not file a motion asking leave to file her sur-reply brief, which means she filed that brief in violation of the court's

8

local rules. Even if the plaintiff had sought leave to file her sur-reply, the court likely would not have granted that permission. "That is because '[s]ur-replies generally are disfavored[.]'" Hobbs v. Willis, Case No. 22-cv-467, 2024 WL 4345835, at *3 (E.D. Wis. Sept. 30, 2024) (quoting Gomez v. V. Marchese & Co., Case No. 20-cv-1802, 2023 WL 4059090, at *8 (E.D. Wis. June 19, 2023)). "Courts grant leave to file [sur-replies] 'only rarely.'" Id.

When analyzing the defendant's motion, the court did not consider the plaintiff's sur-reply.

> 1. *The FDCPA Claim*

Congress enacted the FDCPA to protect consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e); Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997). To state claim under the FDCPA, a plaintiff must allege that (1) the defendant is a debt collector; (2) the debt collector sought to collect a "debt" as defined by the FDCPA; and (3) the collection attempt violated the FDCPA. 15 U.S.C. §1692. The FDCPA defines "debt" as:

> Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. §1692a(5). The FDCPA does not apply to all obligations, only those involving "consumer" debt. Bass, 111 F.3d at 1325. When analyzing whether a debt is a consumer debt, courts focus on "the transaction out of which the

obligation to repay arose, not the obligation itself[.]" Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC, 214 F.3d 872, 875 (7th Cir. 2000).

The plaintiff has alleged that the transaction underlying the debt at issue is a commercial lease. Dkt. No. 1-1 at 5. She states that the commercial lease belongs to her business and that her business owes the debt. Id. By the plaintiff's own assertions, this is a business transaction, which makes the debt at issue a non-consumer, business debt. The plaintiff correctly points out that the *defendant* characterized this debt as personal, but that fact is irrelevant; the court does not consider the defendant's opinion or characterization of the debt, but the statute's directive to consider "the transaction out of which the obligation to repay arose[.]" See Miller, 214 F.3d at 875. The fact the debt arose from a commercial lease may be a defense against the defendant's attempt to collect it from the *plaintiff* personally—in other words, she may have a defense that the defendant is trying to collect from the wrong person or entity—but it is not a basis for a claim under the FDCPA.

The court will grant the defendant's motion and dismiss the plaintiff's FDCPA claim with prejudice, which means that she cannot raise that claim in any amended complaint she may file.

2. *The FCRA Claim*

To state a claim under 15 U.S.C. §1681s-2 of the FCRA that a debt collector furnished inaccurate information to a credit reporting agency or failed to conduct a reasonable investigation into the debt, a plaintiff must allege that

she notified the credit reporting agency of the dispute. Carrington Mortg. Services, 638 F. Appx. at 525 (citing Westra, 409 F.3d at 827).

As the court has explained, the plaintiff attached to her opposition brief several exhibits. The plaintiff alleges—and the defendant appears to concede—that one or more of these documents demonstrate that she *did* provide the required notice of the dispute to TransUnion. But the defendant is correct that the plaintiff did not allege in the *complaint* that she provided such notice, and a plaintiff cannot amend her complaint through briefing. Agnew, 683 F.3d at 348. The court will grant the defendant's motion to dismiss the FCRA claim, dismiss that claim *without* prejudice and give the plaintiff an opportunity to amend her complaint to include the allegations and exhibits from her briefing showing that she gave TransUnion notice of her dispute.

If the plaintiff elects to file an amended complaint, she must do so by the deadline the court sets below. Along with this order, the court is sending the plaintiff a blank copy of its amended complaint form; she must use this form to prepare her amended complaint. She must put the name and case number for this case in the appropriate fields on the first page. The amended complaint will take the place of the original complaint and must be complete in itself; the plaintiff may not refer the court back to her original complaint. She must repeat in the amended complaint any of the facts from the original complaint that she believes are necessary to her FCRA claim.

If the court does not receive an amended complaint from the plaintiff that complies with this order by the court's deadline (or a request for additional

time to file one), the court will dismiss the plaintiff's case for failure to state a claim in the original complaint.

### III. Conclusion

The court **GRANTS** the defendants' motion to dismiss the complaint. Dkt. No. 7.

The court **ORDERS** that the plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that the plaintiff's FCRA claim is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this federal case, she must file an amended complaint in time for the court to *receive it* by the end of the day on **March 20, 2026**. If the court does not receive from the plaintiff an amended complaint (or a written request for additional time to file one) by the end of the day on March 20, 2026, the court will dismiss the case without further notice or hearing based on the plaintiff's failure to state a claim in her original complaint.

Dated in Milwaukee, Wisconsin this 17th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**