UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SARAH A. BOARDMAN,

Plaintiff,

Case No. 25-cv-1281-pp

v.

PROFESSIONAL COLLECTORS CORP.,

Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 15) AND DISMISSING CASE WITH PREJUDCE**

On August 1, 2025, the plaintiff—representing herself—filed a complaint against the defendant in Milwaukee County Circuit Court. Dkt. No. 1-1 at 4. On August 25, 2025, the defendant removed the case to this federal court. Dkt. No. 1.

The original complaint alleged that the defendant had violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.*, by attempting to collect a business debt as a personal debt. Dkt. No. 1-1 at 4. On August 29, 2025, the defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. No. 7. On February 17, 2026, the court granted the defendant's motion, dismissed the plaintiff's FDCPA claim with prejudice, dismissed the plaintiff's FCRA claim without

1

prejudice and gave the plaintiff an opportunity to amend the FCRA claim. Dkt. No. 13.

On March 12, 2026, the plaintiff filed her amended complaint, realleging the FCRA claim. Dkt. No. 14. On March 26, 2026, the defendant moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6). Dkt. No. 15. The plaintiff responded on April 13, 2026, dkt. no. 17, and on April 27, 2026, the defendant filed a reply in support of its motion. Dkt. No. 18. The court will grant the defendant's motion and dismiss the case with prejudice.

## I.      Allegations in the Amended Complaint (Dkt. No. 14)

The plaintiff used the Eastern District of Wisconsin's amended complaint form for non-prisoner filers without lawyers. Dkt. No. 14. She submitted a typed "Statement of Claim." Id. at 2, 6–7. The allegations in that statement are as follows:

> Plaintiff Sarah A. Boardman brings this action under the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b).
> Plaintiff operates a business known as SB Design & Showroom, LLC, which held a commercial lease. Plaintiff did not personally guarantee the lease and was not personally liable for the lease obligations.
> Beginning in October 2024, Defendant Professional Collectors Corp. sent collection letters to Plaintiff personally attempting to collect the alleged lease debt.
> Defendant also reported the alleged debt as a personal collection account on Plaintiff's consumer credit report with TransUnion.
> On July 23, 2025, Plaintiff discovered the tradeline on her TransUnion credit report and submitted a dispute through TransUnion's consumer dispute system.
> Upon information and belief, TransUnion notified Defendant of the dispute pursuant to the Fair Credit Reporting Act.
> Upon receiving notice of the dispute from TransUnion, Defendant was required to conduct a reasonable investigation under 15 U.S.C. §1681s-2(b).
> Following the investigation, the trade line furnished by Defendant was deleted from Plaintiff's credit report because the information

2

could not be verified. A copy of the TransUnion investigation results confirming deletion of the tradeline is attached as Exhibit A.

Defendant failed to conduct a reasonable investigation after receiving notice of the dispute from TransUnion, in violation of 15 U.S.C. §1681 s-2(b).

Defendant's conduct caused harm to Plaintiff including damage to her credit reputation, time spent correcting the inaccurate reporting, and emotional distress.

Id. at 6–7.

Labeled as Exhibit A, the plaintiff included a letter from TransUnion titled "Your Dispute Results" and dated August 12, 2025. Dkt. No. 14-1. The letter contained eleven messages stating that because of the plaintiff's dispute and the subsequent investigation, TransUnion had removed the disputed items from her credit report. Id. at 1–3. The rest of the letter explains the investigation procedure. Id. at 3–6.

## II. Motion to Dismiss (Dkt. No. 15)

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendants is liable for the

3

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and draws all reasonable inferences in the plaintiff's favor, <u>Roberts v. City of Chicago</u>, 817 F.3d 561, 564 (7th Cir. 2016). However, legal conclusions and threadbare allegations that merely recite the elements of a claim do not get the same presumption of truth. <u>Firestone Fin. Corp. v. Meyer</u>, 796 F.3d 822, 827 (7th Cir. 2015).

When a credit reporting agency notifies a debt collector (under the statute, a "furnisher") of a dispute, the furnisher "must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally provided the erroneous information." <u>Westra v. Credit Control of Pinellas</u>, 409 F.3d 825, 827 (7th Cir. 2005); 15 U.S.C. §1681s-2(b). To state a claim under §1681s-2(b), the plaintiff must allege that (1) the furnisher provided inaccurate information to the credit reporting agency; (2) the furnisher failed to conduct a reasonable investigation; and (3) the furnisher would have found the inaccuracy if it had conducted a reasonable investigation. <u>Simonson v. IQ Data Int'l, Inc.</u>, 698 F. Supp. 3d 1055, 1064 (W.D. Wis. 2023) (citing <u>Frazier v. Dovenmuehle Mortg., Inc.</u>, 72 F.4th 769, 775 (7th Cir. 2023)).

### B.    The Parties' Arguments

The defendant argues that although the plaintiff alleges that its investigation was unreasonable, her factual allegations demonstrate that it complied with §1681s-2(b). Dkt. No. 16. The defendant contends that it must delete, modify or block reporting of an item within thirty days of the dispute if it cannot verify the information upon investigation. Id. at 4–5 (citing §1681s2(b)(1)(E); Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1303–04 (11th Cir. 2016); 15 U.S.C. §1681i(a)(1); In re Luedtke, No. 02-35082, 2008 WL 2952530 (Bankr. E.D. Wis. July 31, 2008)). The defendant contends that "FCRA liability does not result until a Credit Reporting Agency ('CRA') reports an inaccuracy and the furnisher fails to correct the error." Id. at 5 (citing SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011); Davis v. Farm Bureau Bank, No. SA-07-CA-967-XR, 2008 WL 1924247 (W.D. Tex. Apr. 30, 2008)).

The defendant argues that the plaintiff never alleged that it failed to correct the error. Id. Rather, it contends, the plaintiff alleges that the defendant followed the correct procedure, investigating and then deleting the disputed information within twenty days of her dispute. Id. at 5–6 (citing Dkt. No. 14). The defendant confirms that it "could not verify the disputed information." Id. at 6.

The plaintiff responds that although the defendant ultimately deleted the offending items, the defendant did not conduct a reasonable investigation, and she asserts that deletion does not prove the defendant complied with the FCRA.

5

Dkt. No. 17 at 1–2. The plaintiff contends that (1) the defendant treating the debt as personal, (2) the defendant deleting the debt because it could not be verified, (3) her placing the defendant on notice that the debt was not personal and (4) the defendant failing to respond to her direct disputes all "support a reasonable inference that Defendant did not conduct a meaningful investigation into Plaintiff's lack of personal liability before furnishing or verifying the information." Id. at 1–2. The plaintiff argues that she is not required to provide the details of the defendant's investigation at this stage of the litigation. Id. at 2.

The defendant replies that the plaintiff cannot rely on her direct disputes to state a claim, asserting that liability under the FCRA requires the dispute to start with the credit reporting agency. Dkt. No. 18 at 3 (internal citations omitted). The defendant contends that the direct disputes are irrelevant to the plaintiff's FCRA claim. Id.

C.      Analysis

The plaintiff fails to state a claim under the FCRA. See Simonson, 698 F. Supp. 3d at 1064 (plaintiff must allege that (1) the furnisher provided inaccurate information; (2) the furnisher failed to conduct a reasonable investigation; and (3) the furnisher would have found the inaccuracy with a reasonable investigation). The plaintiff has not alleged that the defendant furnished incorrect data to TransUnion after her dispute. In fact, the plaintiff admits that the defendant provided *correct* information to

TransUnion: it told TransUnion to remove the offending tradelines from her credit report. Dkt. No. 14 at 1.

The plaintiff's reasonable investigation allegations are conflicting. The plaintiff says that the defendant "failed to conduct a reasonable investigation after receiving notice of the dispute," dkt. no. 14 at 7, but she provides no factual allegations to support this conclusion, and her other allegations directly contradict this assertion. The plaintiff alleges that she noticed that the defendant wrongly had reported the commercial debt of her company as personal debt. Id. at 1. She alleges that on July 23, 2025, she disputed this with TransUnion. Id. She alleges that TransUnion notified the defendant. Id. She alleges that the defendant investigated the dispute and, because the information could not be verified, it reported to TransUnion that the item should be deleted. Id. at 2. The plaintiff attached a letter dated August 12, 2025 from TransUnion that shows that the debt was deleted from her credit report. Dkt. No. 14-1.

Taking these allegations as true, it appears that the defendant did exactly what it was supposed to do. It investigated the dispute, determined that the tradelines should not be in the plaintiff's report and told TransUnion to remove them. The plaintiff is arguing that despite the defendant having complied with its duties, and the plaintiff having her dispute appropriately addressed, the defendant still somehow violated its duties under the FCRA. This claim has no merit and the court must dismiss the amended complaint.

7

The court already has given the plaintiff a chance to amend her complaint to attempt to state a claim, but she has failed to do so. The court need not grant a plaintiff further leave to amend "when 'it is certain' that amendment would be futile." Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citations omitted). The plaintiff's amended complaint remains deficient, and another amendment will not cure the deficiencies. The court will not give the plaintiff another opportunity to amend because further amendment would be futile. The court will dismiss the case with prejudice.

### III. Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 15.

The court **ORDERS** that the case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, she should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, she must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

8

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of July, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9